WAYTE v. RED CROSS PROTECTIVE SOCIETY.

(Circuit Court, E. D. Pennsylvania. January 15, 1909.)

No. 112.

1. ATTORNEY AND CLIENT (§ 166*) — ACTION FOR SERVICES—EMPLOYMENT—EVIDENCE.

Evidence in an action for services *held* sufficient to sustain a finding that plaintiff was employed as attorney for defendant insurance company to obtain for it a New York charter.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 166.*]

2. CORPORATIONS (§ 388*)—EMPLOYMENT CONTRACT—ULTRA VIRES.

Plaintiff, having been employed in good faith as attorney for defendant insurance company to obtain for it a New York charter, carried out the contract of employment to the satisfaction of his employers at considerable expense to him; defendant's officers having knowledge of the employment and of the work plaintiff performed which was satisfactory. *Held,* that ultra vires was no defense to an action for plaintiff's services, under the rule that where a party has made a contract with a corporation and has fully performed it, the corporation will be estopped to plead that it had no power so to contract, or that it was prohibited from so doing.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1556–1561; Dec. Dig. § 388.*]

3. CORPORATIONS (§ 388*)—ACTION FOR SERVICES—ULTRA VIRES.

Except in cases where the rights of the public are involved, the plea of ultra vires will not prevail, whether interposed for or against the corporation, when it will not advance justice, but will accomplish a legal wrong.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1556–1567; Dec. Dig. § 388.*]

Frank Jacobs, for plaintiff.

Jos. R. Dickinson and R. Stuart Smith, for defendant.

HOLLAND, District Judge. The plaintiff brought suit in assumpsit in this case to recover for professional services as an attorney, together with disbursements made by him in the performance of these services for his employer. He testified that he "was employed by them [the insurance company] as counsel to secure a charter in the state of New York for them to write a class of insurance similar to the one granted them by the state of Pennsylvania," and again he states that "he [Rothensies, the general manager for defendant] solicited him to secure for him a charter in the state of New York so that he might extend his business to the state of New York. His charter granted him the right to write a five-year endowment policy." The plaintiff further testified that he procured "the charter that Mr.

Rothensies, as manager for the Red Cross Protective Society, asked him to procure for him," and again he testified that he procured an option upon one of these New York societies, to wit, National Benevolent Legion, and further states:

"I immediately communicated with the Red Cross Protective Society, and I acquainted them with the terms of securing this charter, and they immediately wired or telegraphed me (I forget which) that the same was satisfactory and that they would remit immediately. Mr. Rothensies told me that his father would be there with the money the next morning."

This evidence is uncontradicted, and is ample to support a finding that there was an employment of the plaintiff by the defendant and that his work was satisfactory. The question was submitted to the jury, and we think the evidence sufficient to warrant the jury in returning a verdict in favor of the plaintiff.

The objection, however, is raised that the employment of the plaintiff by the defendant for the purposes stated was ultra vires, and therefore a recovery cannot be had. Taking the testimony of the plaintiff, it does not appear that he was employed to make any illegal contracts for the defendant. He was, as stated by him, employed "to secure a charter in the state of New York for them to write a class of insurance similar to the one granted them by the state of Pennsylvania"; but, whether or not the result of his services was the submission of a proposition which subsequently turned out to be beyond the power or the right of the defendant company to accept, yet he had performed the work for them. He had expended large sums of money in traveling over the state for the purpose of securing a charter to enable the defendant company to write insurance in New York similar to that which it was writing in Pennsylvania, and when he secured a proposition from another New York company it was satisfactory to the defendant. The officers of the defendant were aware of the employment of the plaintiff, and knew of the work he performed, and they are now estopped from setting up the defense that the employment was ultra vires, and thereby escape the payment of their just debts.

The law, as established by the numerous decisions of the state courts and federal courts, is aptly stated in Thompson on Corporations, § 6025:

"Where a party has made a contract with a corporation, and has fully performed what he agreed to do on his part, and is suing the corporation for the compensation which it agreed to pay or to render as the consideration of the contract, then the corporation will be estopped from setting up the defense that it had no power to enter into the contract, or that it was prohibited by statute from doing so."

The cases cited in support of this proposition in the above-mentioned work fully sustain the contention of the plaintiff in this case that having been employed for the performance of certain services, and having in good faith carried out the contract of his employment to the satisfaction of his employers at considerable expense to himself, he is entitled to compensation for the services rendered. Except in cases where the rights of the public are involved, the plea of ultra vires, whether interposed for or against a corporation, will not be allowed

to prevail, when it will not advance justice, but will accomplish a legal wrong. 10 Cyc. 1156.

The motion for a new trial is overruled, and judgment in favor of the defendant non obstante veredicto is refused.